# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*State of Montana v. Purdue Pharma et al.,*<br>Case No. 1:18-OP-45604 | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster<br><br>**OPINION AND ORDER** |

Before the Court is Plaintiff State of Montana's Motion to Remand. **(Doc #: 26)** The Court has reviewed the Motion, the Opposition Brief, and the Reply Brief and for the reasons to follow, **GRANTS** Montana's Motion to Remand.

## I.

In this Multidistrict Litigation ("MDL"), Plaintiffs are government entities, Indian tribes, hospitals, third-party payors and individuals from across the nation that have sued the manufacturers, distributors and retailers of prescription opiate drugs alleging they are liable for the costs Plaintiffs have incurred, and will continue to incur, in addressing the opioid public health crisis. There are now over 1100 cases in the MDL—over 1000 of which were filed by various government entities.

On November 30, 2017, the State of Montana ("Montana"), through its Attorney General, filed this action against Defendants Purdue Pharma L.P., Purdue Pharma, Inc., The Purdue Frederick Company, and Jane Does 1-10 (collectively "Purdue") in the Montana First Judicial District Court, Lewis and Clark County. (Doc #: 1-1 at 2-138) Montana alleged state law claims: violations of the Unfair Trade Practices and Consumer Protection Act, Mont. Code Ann. § 30-14-

103 (Count One), violations of the Montana False Claims Act, Mont. False Claims Act § 17-8-403 (Count Two), statutory public nuisance, Mont. Code Ann. § 27-30-102, and common law public nuisance (Count Three), unjust enrichment (Count Four), and punitive damages (Count Five). *Id.*

On January 30, 2018, Montana filed an Amended Complaint alleging the five original state law claims and adding a claim for violations of the 2007 Consent Judgment. (Doc #: 1-1 at 139-206; hereafter cited as "First Am. Compl.")

On February 20, 2018, Montana filed a Motion for Preliminary Injunction. (Doc #: 1-3; hereafter cited as "Mot. Prelim. Inj.") Montana asked the Court to order Purdue to:

1) Immediately cease all sales representative *promotions* of opioid drugs to prescribers in Montana. . .

2) In all other *promotional or educational activity* that could reach Montana prescribers or consumers:

   a. . . . cease promoting its opioid drugs . . . as a first-line or routine therapy for chronic pain . . . and . . . disclose that opioids are to be tried only after other treatments have failed.

   b. . . . disclose that there is no evidence that opioids improve pain, function, or quality of life long-term.

   c. . . . disclose that there is no evidence that screening or risk-stratification tools are effective in preventing addiction or limiting other risks of long-term opioid use.

   d. . . . disclose that abuse-deterrent formulations do not deter oral abuse and have not been shown to reduce overall abuse or addiction.

   e. . . . disclose that long-term opioid use for chronic pain is associated with serious risks including increased risk for opioid use disorder, overdose, myocardial infarction, and motor vehicle injury.

(*Id.* at 3-4) (emphasis added)

On February 28, 2018, despite the fact that Montana alleges only state law claims, Purdue removed this case to the United States District Court for the District of Montana based on federal question jurisdiction. (Doc #: 1) Specifically, Purdue alleges:

> Federal question jurisdiction exists in this case because the State's recent Motion for a Preliminary Injunction revealed—for the first time—that the State's Amended Complaint involves state law claims that are inextricably tied to substantial disputed federal questions. The State's Preliminary Injunction Motion makes clear that in its Amended Complaint, the State attempts to supplant the U.S. Food & Drug Administration's ("FDA") complex regulatory determinations with the State's contrary assessment regarding how Purdue's opioids should be regulated, labeled, and marketed. In doing so, the State attempts to use Montana state law to require that Purdue convey different information about the safety and efficacy of its opioid medications in Montana than what the FDA has required that Purdue tell healthcare providers in Montana and every other state in the country. Such actions give rise to federal question jurisdiction pursuant to 28 U.S.C. § 1331.

(*Id.* at 2)

Section 1331 provides the district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In certain situations "where a claim finds its origins in state rather than federal law . . . [the Supreme Court has] identified a 'special and small category' of cases in which arising under jurisdiction still lies." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (citing *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)). In *Gunn*, the Supreme Court succinctly described the test it previously set forth in *Grable & Sons Metal Prods., Inc. v. Darue Eng'g and Mfg.*, 545 U.S. 308 (2005):

> [F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Where all four of these requirements are met, we held, jurisdiction is proper because there is a "serious federal interest in claiming the advantages thought to be inherent in a federal forum," which can be vindicated without disrupting Congress's intended division of labor between state and federal courts.

*Gunn*, 568 U.S. at 258 (quoting *Grable*). However, the mere presence of a federal issue in a state law claim does not automatically confer federal question jurisdiction. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 (1986).

Moreover, the United States Supreme Court has consistently held that the federal courts are "courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs.,* 545 U.S. 546, 552 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U. S. 375, 377 (1994)). Courts are obliged to strictly construe removal jurisdiction against removal and all doubts should be resolved in favor of remand.[1] *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). The party seeking removal bears the burden of demonstrating that removal is proper. *Coyne*, 183 F.3d at 495.

**II.**

Because all claims in Montana's First Amended Complaint are state law claims, Purdue seeks to invoke the *Grable* exception. Purdue contends that Montana's Motion for Preliminary Injunction necessarily raises a federal issue because "Congress has vested the FDA with . . . the exclusive regulatory authority to determine the precise content of prescription *drug labeling*," (Doc #: 28 at 9) (emphasis added; internal citation omitted), and that Montana is attempting to "usurp the FDA's authority to regulate the information provided to physicians and patients about the safety and efficacy of Purdue's opioid medications." (*Id.* at 14) The Court disagrees with Purdue's characterization of Montana's requested relief.

Montana asserts that its requested injunctive relief can coexist with Purdue's FDA-approved labeling. Montana has not asked the court to halt Purdue's use, or change the content, of the FDA-approved drug labels. Rather, Montana expressly seeks to enjoin "promotions" and "all

---

[1] The Court notes that while "arising under" jurisdiction pursuant to 28 U.S.C. § 1331 should be strictly construed against removal, removal under the federal officer removal statute, 28 U.S.C. § 1442, is entitled to a liberal construction in favor of removal. *See Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 147 (2007); *see also Arizona v. Manypenny*, 451 U.S. 232, 242 (1981).

other promotional or educational activity." (Mot. Prelim. Inj. 3) Further, Paragraph 48 of Montana's First Amended Complaint specifically alleges:

> Neither these third-party, unbranded materials, nor the marketing messages or scripts relied on by Purdue's sales representatives, were reviewed or approved by the U.S. Food & Drug Administration ("FDA"). All of the messages described in this Complaint were disseminated to Montana prescribers and patients through sales representative visits, medical education programs, websites, and other sources.

(First Am. Compl. 156) Montana states, and the Court agrees, that "[n]one of the statements sought to be enjoined are in the FDA-approved labels, and none of the requested disclosures are in fundamental conflict with any of the language in those labels." (Doc #: 29 at 7)

Purdue analogizes its case with *McKay v. City & Cty. of San Francisco*, No. 16-CV-03561 NC, 2016 WL 7425927 (N.D. Cal. Dec. 23, 2016). In *McKay*, plaintiffs sought to enjoin the city from using FAA-approved flight paths. 2016 WL 7425927, at *1. In that case, the court agreed with defendants' argument that the requested injunction "require[d] nothing short of a reassessment, reevaluation and revamping of the [FAA's] order." *Id.* at *4.

Montana's case is distinguishable. Far from "asking the Court to second guess the validity of the [FDA's] decision," *id.*, if the court were to grant Montana's Motion for Preliminary Injunction, neither the FDA's decision-making process nor its approved labeling would be implicated. Therefore, no federal issue is necessarily raised.

Nor is the federal issue "substantial" as that term is used in *Grable*. Both parties rely on *Merrell Dow Pharm. Inc. v. Thomson*, 478 U.S. 804 (1986) regarding the substantiality of Purdue's asserted federal issue. *Merrell Dow* involved state law tort claims based on allegations that the drug at issue in that case did not provide adequate warnings required by the FDCA. *Id.* at 805-06. The Court held that "the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." *Id.* at 814.

5

Montana does not assert that Purdue's drug labels violate the FDCA.[2] However, even if they had, *Merrell Dow* instructs that this would still not be substantial enough to warrant federal question jurisdiction. Thus, as all doubts about removal should be resolved in favor of remand, the Court finds that remand in this case is proper.

Both parties spend significant time briefing whether Purdue's removal was timely. As described above, however, neither Montana's complaint nor its motion for preliminary injunction raise a federal issue. Therefore, the issue of Purdue's timeliness is of no consequence.

**III.**

For the foregoing reasons, Purdue is not entitled to removal under 28 U.S.C. § 1331. Accordingly, the Motion to Remand Case No. 1:18-OP-45604 to the First Judicial District Court, Lewis and Clark County, Montana filed by the State of Montana (**Doc #: 26**) is hereby **GRANTED**.

    **IT IS SO ORDERED.**

                 **/s/Dan Aaron Polster  8/23/2018**
                 **Dan Aaron Polster**
                 **United States District Judge**

---

[2] *See* (Doc #: 26-1 at 5) ("none of the State's claims rest on any contention that Purdue violated the FDCA or any Food & Drug Administration ("FDA") regulation").